[Cite as *Hinkle v. London Corr. Inst.*, 2011-Ohio-5125.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RALPH HINKLE

    Plaintiff

    v.

LONDON CORRECTIONAL INSTITUTION

    Defendant

Case No. 2011-03740-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1}    Plaintiff, Ralph Hinkle, an inmate incarcerated at defendant's Lebanon Correctional Facility (LoCI), filed this action alleging multiple items of his personal property were lost or stolen while under the control of LoCI staff.  Plaintiff explained he was transferred from the LoCI general population to a disciplinary unit on June 27, 2010, and he was ordered to open both his wall and his foot locker before the transfer.  According to plaintiff, LoCI staff left his property unattended for an unspecified period of time and such action facilitated the theft of plaintiff's property by other unidentified inmates.  Plaintiff asserted that when he regained possession of his property on July 15, 2010, he discovered several items were missing including:  a wedding band, a fan, a pair of headphones, a walkman radio, a pair of work boots, four pairs of boxer shorts, a blanket, a cup, a bowl, and state-issued reading glasses and coat.[1]  Plaintiff valued the alleged missing property items at $241.52.  Payment of the filing fee was waived.

---

[1] "Plaintiff cannot bring an action for the loss of state issue property considering he has no ownership right in such property."  *Sanford v. Ross Corr. Inst.*,  Ct. of Cl. No. 2006-03494-AD, 2006-Ohio-7311, ¶6.  Therefore, any claim for the loss of state issue property is denied and shall not be further addressed.

{¶2} Plaintiff submitted a copy of his June 27, 2010 "Inmate Property Record" (inventory) compiled when he was originally transferred to segregation. None of the alleged missing property is listed on this inventory with the exception of three pair of undershorts.

{¶3} Defendant denied liability in this matter and contended that plaintiff failed to prove that any theft of his property occurred as a result of negligence on behalf of LoCI staff. Defendant specifically denied leaving plaintiff's property unattended "at any point during its pack-up." Defendant submitted a memorandum from DeCarlo Blackwell, LoCI's Institutional Inspector, which stated that, "upon interviewing Officer Thornton, he indicated that when Captain Sickle informed him to pack you up that he was still standing there until he returned with the garbage bags. This is when he packed up your property. Officer Thornton indicated that he consulted with your 'bunkie' to find out what belonged to you and what belonged to him. Again, the property was never left unsecured. [Plaintiff's] property was only out of sight from Officer Thornton when he was instructed by Captain Sickle to obtain a garbage bag to pack up the inmate's property. Officer Thornton stated he personally packed up the inmate's property and had it escorted to the Yard Officer who in turn took it to the Vault where it was inventoried. There was no violation by staff. The proper pack-up procedures were followed."

{¶4} Plaintiff filed a response essentially reiterating the allegations contained in his complaint.

CONCLUSIONS OF LAW

{¶5} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶6} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶7} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶8} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶9} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶10} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶11} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive regarding the loss of any property.

{¶12} Plaintiff has failed to prove a causal connection between the claimed property loss and any breach of duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD.

{¶13} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was lost or stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RALPH HINKLE

    Plaintiff

    v.

LONDON CORRECTIONAL INSTITUTION
    Defendant

Case No. 2011-03740-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ralph Hinkle, #A559-476
P.O. Box 69
London, Ohio  43140-0069

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
6/13
Filed 6/29/11
Sent to S.C. reporter 10/4/11